UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DOCKET NO.: 2:23-cv-00004-Z

---------------------------------------------------------

CHILDREN'S HEALTH DEFENSE,
ROBERT F. KENNEDY, JR.,
TRIALSITE, INC., CREATIVE
DESTRUCTION MEDIA, LLC,
ERIN ELIZABETH FINN, JIM HOFT,
DR. BEN TAPPER, BEN SWANN,
DR. JOSEPH MERCOLA, TY
BOLLINGER & CHARLENE
BOLLINGER,

*Plaintiffs*,


v.


THE WASHINGTON POST CO., THE
BRITISH BROADCASTING CORP.,
THE ASSOCIATED PRESS,
& REUTERS,

*Defendants*.

---------------------------------------------------------


## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)


The United States District Court for the Northern District of Texas (the "Court") presents its compliments to the United Kingdom's Royal Courts of Justice and requests its assistance in serving process on the British Broadcasting Corporation ("BBC") in the above captioned matter (the "Texas Proceeding").

The assistance requested is effectuating service of judicial process on the BBC in accordance with the procedures set forth in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. This Court is satisfied that the BBC is a proper party in the Texas Proceeding but, despite maintaining offices in the United States, it is based in the United Kingdom. This Court believes it would serve the interests of justice and judicial economy to

effectuate service on the BBC in the United Kingdom pursuant to the procedures outlined in Article 10 of the Hague Convention.

## 1.  <u>Requesting Judicial Authority:</u>

Honorable Matthew J. Kacsmaryk

United States District Court Judge

United States District Court for the Northern District of Texas, Amarillo Division

United States Courthouse

205 SE 5th Avenue, Room 123

Box F-13248

Amarillo, Texas 79101-1559

USA

Tel. 1- 806-468-3830

## 2.  <u>Names and Addresses of the Parties and Their Representatives:</u>

<u>Plaintiffs:</u>

Children's Health Defense

852 Franklin Avenue Suite 511

Franklin Lakes, NJ 07411 USA

*Children's Health Defense is the lead plaintiff in this matter.*

<u>Plaintiffs' Counsel:</u>

Scott J. Street
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Telephone: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

Ryan P. Brown
Ryan Brown, Attorney At Law
1222 S. Fillmore St.

Amarillo, TX  79101

Telephone: (806) 372-5711

Email: info@ryanbrownattorneyatlaw.com

Defendants:

**The Washington Post Company**

1301 K Street NW

Washington, DC 20071

**Reuters**

3 Times Square

New York, NY 10036

**The Associated Press**

200 Liberty Street

New York, NY 10281

*None of the USA-based Defendants have appeared in the case yet.*

### 3.  Nature and Purpose of the Proceedings and Summary of Facts:

This is an antitrust action. It is also an action to defend the freedom of speech and of the press.

In 2019 or 2020, some of the world's largest news publishers, including The Washington Post, the British Broadcasting Corporation ("BBC"), Reuters, and the Associated Press ("AP"), as well as behemoth Internet companies like Facebook, Google, Microsoft, and Twitter, entered into a self-described "industry partnership." They named their partnership the "Trusted News Initiative."

By their own admission, members of the "Trusted News Initiative" ("TNI") have agreed to work together, and have in fact worked together, to exclude from the world's dominant Internet platforms rival news publishers who engage in reporting that challenges and competes with TNI members' reporting on certain issues relating to COVID-19 and U.S. politics.

Federal antitrust law has its own name for this kind of "industry partnership": it's called a "group boycott" and is a per se violation of the Sherman Act.

A classic *per se* unlawful group boycott involves "a concerted attempt by a group of competitors" to "disadvantage [other] competitors by either directly denying or persuading or

coercing suppliers or customers to deny relationships the competitors need in the competitive struggle" or by "cut[ting] off access to a supply, facility, or market necessary to enable the boycotted firm to compete." *Northwest Wholesale Stationers, Inc. v. Pacific Stationery Printing Co.*, 472 U.S. 284, 294 (1985), quoted in *Tunica Web Advertising v. Tunica Casino*, 496 F.3d 403, 413 (5th Cir. 2007).

The world's dominant Internet platforms are facilities essential to the ability of small news publishers to compete and even to survive in the online news market.  Indeed, for all practical purposes, to be denied access to those platforms is to be denied access to the market itself.

Thus, the TNI is a classic group boycott: "a concerted attempt by a group of competitors" to "disadvantage [other] competitors" by "cut[ting] off access" to a "facility or market necessary to enable the boycotted firm[s] to compete." Northwest Wholesale Stationers, 472 U.S. at 294.

Plaintiffs are among the many victims of the TNI's agreement and its group boycott. They are online news publishers who, as a result of the TNI's group boycott, have been censored, de-monetized, demoted, throttled, shadow-banned, and/or excluded entirely from platforms like Facebook, YouTube, Twitter, Instagram, and Linked-In.

While the "Trusted News Initiative" publicly purports to be a self-appointed "truth police" extirpating online "misinformation," in fact it has suppressed wholly accurate and legitimate reporting in furtherance of the economic self-interest of its members.

For example, TNI members have deemed the following to be "misinformation" that could not be published on the world's dominant Internet platforms: (A) reporting that COVID may have originated in a laboratory in Wuhan, China; (B) reporting that the COVID vaccines do not prevent infection; (C) reporting that vaccinated persons can transmit COVID to others; and (D) reporting that compromising emails and videos were found on a laptop belonging to Hunter Biden.

All of the above was and is either true or, at a minimum, well within the ambit of legitimate reporting.

The TNI did not only prevent Internet users from making these claims; it shut down online news publishers who simply reported that such claims were being made by potentially credible sources, such as scientists and physicians.

Thus TNI members not only suppressed competition in the online news market but deprived the public of important information on matters of the highest public concern. And they did so out of economic self-interest.

The TNI was spearheaded by legacy news organizations, like the Defendants, fearful of what they themselves described as an "existential threat" to their economic survival: the explosion online of thousands of new, rival sources of news threatening to take audience share away from traditional news organizations and to undermine consumers' trust in those organizations. The BBC, the TNI's founder, has admitted this.  Instead of competing with each other, the TNI members agreed—in the BBC's own words—to "club together" to suppress the "real competition in the digital media world"—the "tidal wave" of rival, "unchecked" online news publishers who

4

undermine "trust" in legacy news publishers, take "audiences" away from them, and thereby pose an "existential threat" to them.

The TNI is thus a paradigmatic antitrust violation: a horizontal agreement among competitor firms to cut off from the market upstart rivals threatening their business model. Every news company has the right to decide for itself what to publish, but they have no right to combine together to restrict what their rivals can publish.

**4.   Identity and Address of UK-Based Defendant to be Served:**

The British Broadcasting Company

Broadcasting House

Portland Place

London W1A 1AA

UK

**5.   Request for Notification and Persons to Be Notified:**

Scott J. Street
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Telephone: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

Ryan P. Brown
Ryan Brown, Attorney At Law
1222 S. Fillmore St.
Amarillo, TX  79101
Telephone: (806) 372-5711
Email: info@ryanbrownattorneyatlaw.com

**6.   Reasonable Fees and Costs Incurred to Be Borne By:**

Children's Health Defense

852 Franklin Avenue Suite 511

Franklin Lakes, NJ 07411 USA

**7.   Reciprocity:**

The United States District Court for the Northern District of Texas expresses its appreciation to the United Kingdom's Royal Courts of Justice for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of the United Kingdom in a similar manner when so requested.

**8.   Signature and Seal of Requesting Authority:**


Dated: _____                          _____

                                                     Honorable Matthew J. Kacsmaryk

                                                     United States District Court Judge

                                                     United States District Court for the Northern District of Texas, Amarillo Division


SEAL OF COURT:



Submitted by:



_____*/s/ Scott J. Street*_____
Scott J. Street (*Pro Hac Vice*)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Telephone: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

Ryan P. Brown (Texas Bar Number: 24073967)
Ryan Brown, Attorney At Law
1222 S. Fillmore St.
Amarillo, TX  79101
Telephone: (806) 372-5711
Email: info@ryanbrownattorneyatlaw.com

Attorney for Plaintiffs